BY:  Alan J. Bozer  
      (admitted *pro hac vice*)  
      Heather Hiznay Kidera  
Phillips Lytle LLP  
The New York Times Building  
620 Eighth Avenue, 23rd Floor  
New York, NY 10018-1405  
P(212) 759-4888  
F(212) 308-9079  
E-mail: abozer@phillipslytle.com  
        hkidera@phillipslytle.com

ATTORNEYS FOR PLAINTIFF  
SEVENSON ENVIRONMENTAL  
SERVICES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

SEVENSON ENVIRONMENTAL SERVICES, INC

                Plaintiff,

vs.

GORDON D. McDONALD, et. al.,

                Defendants.

Civil No. 08-1386-RMB-AMD

**MEMORANDUM IN LAW IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION TO LIFT ORDERS TO STAY</u>**

      Plaintiff Sevenson Environmental Services, Inc. ("Sevenson") moves to lift orders to stay this case (the "Case") following the resolution of parallel criminal proceedings against several named defendants. The Court entered stays in response to the parties' joint concerns regarding the availability of witnesses and evidence during the pendency of the criminal proceedings. The substantial resolution of these proceedings has relieved these concerns, and the parties can now litigate the Case fully. The Court should therefore lift the stays and permit the Case to go forward to assure a timely and just resolution.

## BACKGROUND

Sevenson is an environmental remediation contractor. It commenced this Case after discovering that defendant Gordon D. McDonald ("McDonald") had accepted kickbacks from Sevenson's subcontractors at two environmental remediation sites in New Jersey. (Declaration of Alan J. Bozer, Esq. ("Bozer Decl."), ¶ 4). McDonald was Sevenson's project manager at these sites and arranged the kickback scheme by promising approval of subcontractor bids by Sevenson in exchange for payments by the subcontractors to, *inter alia*, an entity controlled by McDonald, *i.e.*, defendant GMEC. (*Id.* Ex. A ¶¶ 103-107). Many of these subcontractors are named as defendants in the Case.

The criminal scheme conducted by the defendants began as early as 2001. (*Id.* Ex. A ¶ 81). Sevenson did not discover the scheme until late 2007, (*id.* Ex. A ¶ 87), and filed the initial complaint in 2008, (*id.* ¶ 4).

The United States Department of Justice ("DOJ") also filed a number of criminal actions in the United States District Court of New Jersey (Newark Vicinage) against many of the named defendants after the commencement of the Case. (*Id.* ¶ 5).

**Procedural History**

On July 24, 2008, the Court issued the first stay in the Case. (*Id.* ¶ 9). Later, the Court granted additional stays to individual defendants who were under investigation by the DOJ for the acts described in the Complaint. (*Id.* ¶¶ 5-6). The following defendants received stays and were also ultimately convicted of criminal offenses in the Newark Vicinage of this Court:

- Bennett Environmental, Inc.,
- JMJ Environmental, Inc.,
- John Drimack, Jr., and

- Frederick A. Landgraber,

(*Id.* ¶ 5). The Court also granted stays to three other defendants – *i.e.*, Elite Landscaping, Inc., Ray Angelini and Ray Angelini, Inc. – who were likewise under criminal investigation, but these defendants were not prosecuted. (*Id.* ¶ 6).

On February 17, 2009, Sevenson filed a cross-motion to stay all proceedings in the Case pending disposition of the parallel criminal investigations. (*Id.* ¶ 10). Sevenson argued a stay was warranted because it could not "prosecute its claims fully due to stays entered in this case resulting from federal investigations. The stays limit [Sevenson's] ability to obtain necessary evidence." (*Id.*).

On March 9, 2009, the Court stayed all matters in the Case. (*Id.* ¶ 11). The Order stated that the parties agreed to stay the Case "pending resolution of the criminal proceedings arising out of the facts and circumstances at issue in the case *sub judice* or until further order of this Court." (*Id.*). The Order also stated that "[n]othing in this Order shall prevent the parties from seeking relief from this Order should the need arise" and that "[t]he Parties specifically reserve the right to move to re-open this matter at any time for cause upon motion, with notice of any such motion given to all interested parties." (*Id.*).

**Entry of Judgments in Other Cases**

The related criminal proceedings in the Newark Vicinage against defendants named in the Case – except for one fugitive – have now been completed and judgments have been rendered. (*Id.* ¶¶ 5-7). One defendant only has an appeal currently pending. (*Id.* ¶ 19). The concluded criminal proceedings with corresponding judgment dates are as follows:

| DEFENDANT | FILE NUMBER | FINAL JUDGMENT DATE |
|---|---|---|
| Bennett Environmental, Inc. | 08-CR-534 | December 29, 2008 |
| JMJ Environmental, Inc. | 08-CR-522 | April 12, 2011 |

| | | |
|---|---|---|
| John Drimak, Jr. | 08-CR-522 | April 12, 2011 |
| Frederick Landgraber | 09-CR-480 | November 6, 2009 |
| Christopher Tranchina | 09-CR-134 | July 16, 2009 |
| National Industrial Supply, LLC | 09-CR-141-02 | May 3, 2011 |
| Victor Boski | 09-CR-141-01 | April 29, 2011 |
| Robert Griffiths | 09-CR-506 | October 15, 2013 |
| Gordon D. McDonald | 09-CR-656-01 | October 20, 2014 |

(*Id.* Exs. B-I, S). Upon information and belief, the DOJ has initiated proceedings to extradite the one remaining criminal defendant who is also named in this Case, *i.e.*, John Bennett, from Canada to the United States for prosecution. (*Id.* ¶ 8). A summons was issued in this Case for fugitive Bennett, but it has not been served. (*Id.*). Sevenson intends to dismiss the Case as against Bennett without prejudice. (*Id.*).

Sevenson requested that the stay of the Case be lifted by a letter dated March 21, 2014. (*Id.* ¶ 16). Sevenson made this request after the entry of the initial judgment against defendant McDonald on March 4, 2014, where McDonald was sentenced to a term of incarceration of 168 months following his conviction after trial by jury in September 2013. (*Id.* ¶¶ 14-15). On April 15, 2014, the Court entered an Order denying Sevenson's request because McDonald had taken an appeal of his conviction and his restitution hearing was still pending. (*Id.* ¶ 17). On October 20, 2014, an amended judgment and restitution Order were issued against McDonald following a restitution hearing conducted on October 16, 2014. (*Id.* ¶ 18).

# ARGUMENT

"A stay of a civil case is an extraordinary remedy." *In re N.J. Tax Sales Certificates Antitrust Litig.*, No. CIV.A. 12-1893 (MAS), 2014 WL 5512661, at *12 (D.N.J. Oct. 31, 2014) (internal quotation marks omitted), *quoting Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). Courts consider "several factors in determining whether a stay of a civil matter is appropriate in light of an ongoing criminal matter," *id.*, and none of these factors are now present here. These factors include:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant[ ][has] been indicted; (3) the plaintiff[s'] interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendant[ ]; (5) the interests of the court; and (6) the public interest.

*Id.* at 527.

The Court should lift the various Orders staying the Case because the parallel criminal proceedings have been resolved. Here, many of the defendants were not prosecuted by the DOJ. (Bozer Decl. ¶¶ 5-7). Based upon information and belief, there are no pending or threatened criminal actions against these defendants. (*Id.* ¶¶ 6-7). Courts are reluctant to stay civil proceedings if criminal actions have not commenced even when defendants have concerns about a potential prosecution. *See, e.g., United States v. Dist. Council of N.Y.C. & Vicinity of the United Bhd. of Carpenters & Joiners of Am.*, 782 F. Supp. 920, 924-25 (S.D.N.Y. 1992) (denying un-indicted defendants' request for stay of discovery in civil proceeding where one civil defendant had been indicted and acquitted and other civil defendants had not yet been indicted but government would not state whether they were under investigation). In such cases, "[d]efendants are simply faced with the familiar choice of testifying or asserting the fifth

amendment privilege . . . . The fact that defendants face a potentially unpleasant choice is no reason to stay discovery." *Id.* at 925.

The defendants in the Case who were prosecuted have all been sentenced and final judgments have been entered, as well as the final restitution order entered against defendant McDonald on October 20, 2014. (Bozer Decl. ¶¶ 5, 18). Defendant McDonald (and only him) has a notice of appeal pending, (*id.* ¶ 19), but courts have found that stays are not justified in civil proceedings based solely on the appeal of a related criminal action. *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD)(FM), 2011 WL 5913526, at *5-6 (S.D.N.Y. Nov. 22, 2011) (denying request for stay where appeal of conviction pending); *United States v. Ianniello*, No. 86 Civ. 1552-CSH, 1986 WL 7006 (S.D.N.Y. June 17, 1986) (same). As recognized in *In re Terrorist Attacks on Sept. 11, 2001*, "'the status of [a d]efendant's criminal case weighs strongly *against* granting a stay [when the d]efendant has already been tried, convicted and sentenced.'" 2011 WL 5913526, at *5 (alterations in original).

In denying civil stays based on the appeal of a related criminal action, courts have pointed to the speculative nature of whether a defendant will be granted a new criminal trial, and when that will occur. *Terrorist Attacks on Sept. 11, 2001*, 2011 WL 5913526, at *4 ("[I]t is far from certain that the Ninth Circuit will reverse his conviction; if so, that the government will decide to retry him; and, should that occur, when the retrial will take place."). Here, McDonald's appeal could be unresolved for up to two years, and there is no certainty of vacating the criminal judgment entered against him. (Bozer Decl. ¶ 19).

A defendant's interest in the issuance of a stay is not as strong when the defendant has already been convicted and an appeal is pending. *Ianniello*, 1986 WL 7006, at *2-3 (stating that defendants seeking civil stay while criminal actions are on appeal are "different from the

usual applicant for such a stay whose criminal trial has yet to take place," and that defendants had presented a "weaker case"). In the case of a defendant on appeal, such as McDonald:

> [the d]efendant has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his Fifth Amendment privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction.

*Terrorist Attacks on Sept. 11, 2001*, 2011 WL 5913526, at *5 (alteration in original). Finally, any concerns over self-incrimination are further diminished by the admissions which McDonald made in affidavits previously submitted in the Case. (Bozer Decl. ¶ 12 and Exs. M-O). As the courts have held, "[i]f a witness makes an admission in an affidavit submitted in a proceeding, she may lose her ability to invoke the privilege [against self-incrimination] when asked about the substance of that admission later in the proceeding." *Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. CIV.A. 11-00785 (CCC), 2011 WL 5416058, at *4 (D.N.J. Nov. 4, 2011) (citing cases).

    Sevenson's interest in lifting the stays thus significantly outweighs any interest in extending the stays until McDonald's appeal is decided. Some of the allegations concerning the defendants' scheme to defraud extend back well over ten years to 2001. (Bozer Decl. Ex. A ¶ 81). The burden is on Sevenson to prove these allegations, and its ability to do so by obtaining and presenting evidence will only grow more difficult with the passage of additional time. (*Id.* ¶ 22). Indeed, Sevenson has already sought and successfully obtained the trial exhibits from McDonald's criminal proceeding for use in prosecuting this Case, and it is ready to begin discovery and depositions forthwith. (*Id.* ¶¶ 20-21). Further delays in this Case will cause undue prejudice to Sevenson since documentary evidence may become increasingly difficult to obtain and witness recollections may also begin to fade. (*Id.* ¶ 22).

The defendants concealed their fraudulent scheme for years until it was uncovered in 2007. (*Id.* Ex. A ¶¶ 81-87). The defendants should not be allowed to delay Sevenson's prosecution of their fraud any longer by continuing the stays in this Case now that judgments have issued in the related criminal proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to lift the stays of this Case should be granted.

DATED: November 7, 2014

                PHILLIPS LYTLE LLP

                By: */s/ Heather Hiznay Kidera*
                Alan J. Bozer
                (admitted *pro hac vice*)
                Heather Hiznay Kidera
                Attorney I.D. No.: 044682010
                The New York Times Building
                620 Eighth Avenue, 23rd Floor
                New York, NY 10018-1405
                P(212) 759-4888
                F(212) 308-9079

                *Attorneys for Plaintiff Sevenson*
                *Environmental Services, Inc.*

Doc # 01-2815760.2