NOT FOR PUBLICATION [Docket No. 256]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| SEVENSON ENVIRONMENTAL SERVICES, INC., | |
| Plaintiffs, | Civil No. 08-1386 (RMB/AMD) |
| v. | **MEMORANDUM ORDER** |
| GORDON D. MCDONALD, et al., | |
| Defendants. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Defendant BENEV Capital Inc.'s ("BENEV") Motion to Dismiss [Docket No. 256] the Plaintiff's Third Amended Complaint pursuant to the equitable doctrine of in pari delicto.

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court, upon reviewing the Plaintiff's allegations, "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations

1

in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

In deciding a motion to dismiss under Rule 12(b)(6), this Court may consider affirmative defenses, such as the doctrine of in pari delicto, that appear on the face of the pleadings. Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). "[A]s with any affirmative defense, the burden lies with [the] party asserting it." Ross v. Monge, No. CIV. 07-2693 (RMB), 2009 WL 1291814, at *3 (D.N.J. May 4, 2009) (citing Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 Fed. Appx. 192, 193 (3d Cir. 2008)).

Under the doctrine of in pari delicto, "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." Thabault v. Chait, 541 F.3d 512, 526 (3d Cir. 2008) (quoting Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 354 (3d Cir. 2001)). For purposes of this analysis, the wrongdoing of an officer or agent is generally imputed to the plaintiff corporation where the officer or agent commits the wrongdoing "(1) in the course of his employment, and (2) for the benefit of the corporation." Lafferty, 267 F.3d at 358. This rule is in turn subject to the adverse interest exception, which provides that such wrongdoing will not be imputed to the plaintiff corporation "if the officer's interests were adverse to the corporation and not for the benefit of the corporation." Thabault, 541 F.3d at 527.

2

While a finding of in pari delicto is not "always a fact issue for the jury, or the court sitting without a jury," it often may be. See McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 758 n. 13 (3d Cir. 1990); see also Adelphia Recovery Trust v. Bank of Am., N.A., 390 B.R. 64, 79 (S.D.N.Y. 2008) (denying motion to dismiss on the grounds of in pari delicto because the applicability of the doctrine and the adverse interest exception presented issues of fact). A court may deny a motion to dismiss on the grounds of in pari delicto "given the fact-intensive nature of the doctrine." In re U.S. Mortgage Corp., 491 B.R. 642, 676 (Bankr. D.N.J. 2013); In re Norvergence, Inc., 405 B.R. 709, 742 (Bankr. D.N.J. 2009) (denying motion to dismiss where "the applicability of any pari delicto defense depends on an evaluation of sensitive facts, an analysis of which must only take place after discovery has run its course.").

This Court has reviewed the parties' submissions and, in light of the above, holds that the Defendant has not established that the defense of in pari delicto appears on the face of the pleadings. In fact, the pleadings allege the contrary. See, e.g., Complaint ¶ 42 [Docket No. 226] ("Sevenson did not approve of this scheme and had no knowledge of [it]."). The Court further holds, consistent with its denial of Defendant's request for a pre-motion conference, that the issues raised by the Defendant in the case at bar require a fact-intensive inquiry and are not appropriately resolved on a motion to dismiss.

ACCORDINGLY, IT IS HEREBY on this **14th** day of **September 2015**,

**ORDERED** that BENEV's Motion to Dismiss is **DENIED**.

/s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
