[D.I. 398]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SEVENSON ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED ROYALTY CORP., et al., <br><br> Defendants. | Civil No. 08-1386 (RMB/AMD) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court by way of motion filed by Plaintiff Sevenson Environmental Services, Inc. (hereinafter, "Plaintiff") to strike the answer of Defendant GMEC, Inc. (hereinafter, "GMEC") to the third amended complaint. (See Motion to Strike [D.I. 398].) No opposition to this motion has been filed by any party. The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of the recommendation. For the reasons set forth herein, and for good cause shown, the Court respectfully recommends that Plaintiff's motion [D.I. 398] be granted.

The Court shall only recite those facts that are relevant to the present motion. Plaintiff filed its third amended complaint on February 11, 2015. (Third Amended Complaint with Jury Demand [D.I. 226].) By Order dated February 24, 2015, the Court granted counsel for GMEC leave to withdraw as counsel. The February 24, 2015 Order also provided that GMEC would be granted twenty (20) days to secure new counsel, and further provided that if "GMEC fails to comply with this directive, then Plaintiff may file a motion to strike Defendant GMEC's pleading." (Order [D.I. 234], Feb. 24, 2015, 9.) On April 24, 2015, Defendant Gordon D. McDonald (hereinafter, "McDonald") filed an answer to the third amended complaint on behalf of himself, pro se, and on behalf of GMEC.[1] (See Answer to Plaintiff's Third Amended Complaint [D.I. 271].) By way of letter dated May 7, 2015, Plaintiff informed McDonald of its objection to McDonald filing an answer [D.I. 271] on behalf of GMEC. (Letter from Ms. Kidera [D.I. 277], May 7, 2015, 3, on the docket.) In a letter to the District Judge dated May 15, 2015, McDonald asserted that "[i]n light of [his] lack of financial resources, [McDonald is] unable to obtain representation for GMEC, Inc. and ask[s] the court to consider Pro Se representation."[2]

---

[1] McDonald purports he "was the 100% owner of GMEC[.]" (Answer to Plaintiff's Third Amended Complaint [D.I. 271], 56, on the docket.)
[2] The Court's Order of February 24, 2015 expressly noted that because GMEC is a corporation, it "cannot appear in federal court pro se." (Order [D.I. 234], Feb. 24, 2015, 8 (citations omitted).)

(Letter from Mr. McDonald [D.I. 277], May 15, 2015, 1, on the docket.) McDonald's May 15, 2015 letter also included as an exhibit an amended answer to Plaintiff's third amended complaint no longer including GMEC as an answering defendant. (Amended Answer to Plaintiff's Third Amended Complaint [D.I. 277], 4-54, on the docket.)[3] No further motions were filed in the case relevant to GMEC's answer until January 18, 2018 when Plaintiff filed the present motion to strike GMEC's pleading. (See Motion to Strike [D.I. 398].)

Defendant GMEC is a corporation and therefore cannot appear in federal court pro se. Erie Molded Plastics, Inc. v. Nogah, LLC, 520 F. App'x 82, 84-85 (3d Cir. 2013) ("As a general rule, if a corporation appears in federal court, it may do so only through licensed counsel.") (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993)). As set forth in the Court's Order of February 24, 2015, the Supreme Court stated in Rowland that "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." (Order [D.I. 234], Feb. 24, 2015, 8-9, citing Rowland, 506 U.S. at 201-02.) Consequently, since a corporation cannot appear in federal court

---

[3] The amended answer is signed by Defendant McDonald as an individual *pro se* defendant and does not reflect that the amended answer was filed on behalf of any corporate entity.

3

pro se, a corporation's pleadings must be signed by licensed counsel. Moreover, non-attorneys may not file pleadings on behalf of corporations. See Highline Capital Corp. v. CMFEF Prop. Holdings, LLC, 09-00042, 2009 WL 2460823, at *2 (D. Colo. Aug. 10, 2009) (citations omitted) (holding that "[c]orporations may appear in federal court only through a licensed attorney," and therefore striking corporate defendant's "Answer to Complaint" filed by its non-attorney "Registered Agent"). See also Amoco Prod. Co. v. Aspen Grp., 25 F. Supp. 2d 1162, 1166-67 (D. Colo. 1998) (striking the answer filed on behalf of a trust by two of its trustees).

GMEC may appear only through a licensed attorney. In this case, no attorney has entered an appearance on GMEC's behalf after the Court granted GMEC's counsel leave to withdraw from the case. Therefore, for the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion to strike GMEC's answer to the third amended complaint be granted and that GMEC's answer be stricken.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 6, 2018
cc: Hon. Renée Marie Bumb

[D.I. 398]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SEVENSON ENVIRONMENTAL SERVICES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DIVERSIFIED ROYALTY CORP., et al.,<br><br>    Defendants. | Civil No. 08-1386 (RMB/AMD) |

**PROPOSED ORDER**

Presently before the Court is Plaintiff's motion to strike the pleading of Defendant GMEC, Inc., (see Motion to Strike [D.I. 398]), and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2), and no objections having been received; and the Court having considered the papers submitted by the parties; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown;

IT IS on this ___ day of _____ 2018 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion to strike the pleading of Defendant GMEC, Inc. [D.I. 398] shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Defendant GMEC, Inc.'s answer to Plaintiff's third amended complaint, affirmative defenses, counterclaim and jury demand [D.I. 271] shall be, and is hereby, stricken.

_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE